IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-00556-CMA-NRN

THOMAS JULIUS SERGENT,

Plaintiff,

v.

MICHAEL ULRICH, and
BILLIE CLARK,

Defendants.

---

## REPORT AND RECOMMENDATION ON
## DEFENDANTS' MOTION TO DISMISS (Dkt. #21)

---

**N. Reid Neureiter**
**United States Magistrate Judge**

This case is before the Court pursuant to an Order (Dkt. #25) issued by Judge

Christine M. Arguello referring Defendants' Motion to Dismiss (Dkt. #21.) Plaintiff

responded to the Motion to dismiss on October 29, 2021. (Dkt. #38.) Defendants replied

on November 2, 2021. (Dkt. #40.) The Court heard oral argument on November 8,

2021. (Dkt. #41.) The Court has taken judicial notice of the Court's file and considered

the applicable Federal Rules of Civil Procedure and case law. Now, being fully informed

and for the reasons discussed below, it is hereby **RECOMMENDED** that the Motion to

Dismiss be **GRANTED.**

1

## BACKGROUND[1]

Mr. Sergent brings two claims in this lawsuit. The first is for intentional infliction of emotional distress (IIED) against Defendant Ulrich and the second is for false imprisonment against both Defendants. Both claims stem from Mr. Sergent's imprisonment at the Fremont County Jail.

Mr. Sergent alleges that on May 2, 2019, after serving one hundred two (102) days in pre-sentence confinement, he was sentenced to nine months imprisonment for a DUI charge. Because Mr. Sergent had already served at least sixty days in pre-sentence confinement, he was immediately eligible for trustee status and to begin earning "good time" towards reducing his sentence. Defendant Ulrich and later, Defendant Clark, served as the trustee sergeants at the Fremont County Jail and were charged with administering good time to trustees. Mr. Sergent explains that the Defendants refused to give him the appropriate amount of good time he had earned and, when he attempted to explain that he was entitled to more good time credits than what the facility had a record of, he was ignored or belittled.

Eventually, Mr. Sergent wrote to Judge Wenner in the 11th Judicial District of Colorado to explain his situation. Judge Wenner held a hearing on September 5, 2019 at which the district attorney agreed that Mr. Sergent was entitled to more good time than what he had been credited for. As a result of the error, Mr. Sergent had been held

---

[1] Unless otherwise noted, all allegations are taken from Mr. Sergent's Complaint (Dkt. #1) and are presumed to be true for the purposes of this motion to dismiss. All citations to docketed materials are to the page number in the CM/ECF header, which sometimes differs from a document's internal pagination.

past what should have been his release date. Judge Wenner therefore ordered that Mr. Sergent be immediately released.

Ultimately, Defendants' failure to appropriately credit him with good time meant that Mr. Sergent was held twenty-four days beyond the correct release date.

Defendants moved for dismissal of Mr. Sergent's claims under Rule 12(b)(1), arguing that Mr. Sergent's claims are barred by the Colorado Governmental Immunity Act (CGIA). They also allege that Mr. Sergent has failed to state a claim for either IIED or false imprisonment because the statute of limitations on those claims has expired. Finally, they argue that, to the extent Mr. Sergent asserts 42 U.S.C. § 1983 claims, those claims are barred by the Prison Litigation Reform Act (PLRA) for failure to exhaust administrative remedies.

## LEGAL STANDARD

### I.    Pro Se Litigants

Mr. Sergent is proceeding pro se. The Court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not

"supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). A plaintiff's pro se status does not entitle him to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

## II.    Motion to Dismiss under 12(b)(1)

Under Rule 12(b)(1), a complaint may be dismissed for lack of subject matter jurisdiction. Dismissal for lack of subject-matter jurisdiction "is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666 (1974)).

"[F]ederal courts are courts of limited jurisdiction," so the Court must have a statutory basis to exercise its jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *see* Fed. R. Civ. P. 12(b)(1). Statutes conferring subject-matter jurisdiction on federal courts are to be strictly construed. *F. & S. Const. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Id.* (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

## III.    Motion to Dismiss Under 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v.*

4

*Twombly*, 550 U.S. 544, 570 (2007)). A plausible claim is one that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts must accept well-pled allegations as true, purely conclusory statements are not entitled to this presumption. *Id.* at 678, 681. So long as the plaintiff pleads sufficient factual allegations such that the right to relief crosses "the line from conceivable to plausible," he has met the threshold pleading standard. *Twombly*, 550 U.S. at 556, 570.

## ANALYSIS

### I.      Mr. Sergent's state law Claims for IIED and false imprisonment are barred by the CGIA.

The CGIA provides, in relevant part, that "no public employee shall be liable for injuries arising out of an act or omission occurring during the performance of his or her duties and within the scope of his or her employment, unless such act or omission was willful and wanton." Colo. Rev. Stat. § 24–10–105(1). "Willful and wanton" is not defined in the CGIA. However,

> [t]he majority of courts to address the issue . . . have applied the definition set forth in Colorado's exemplary damages statute, Colo. Rev. Stat. § 13-21-102[:] Willful and wanton conduct is "conduct purposefully committed which the actor must have realized as dangerous, done heedlessly and recklessly, without regard to consequences, or of the rights and safety of others, particularly the plaintiff."

*Zerr v. Johnson*, 894 F. Supp. 372, 376 (D. Colo. 1995) (citing, *inter alia*, *Moody v. Ungerer*, 885 P.2d 200, 204 (Colo. 1994)). "The 'willful and wanton' standard, in other words, requires that the actor 'act not only unlawfully, but with the intent to injure, or in conscious disregard of the probability that his acts would result in injury to the plaintiff.'" *Feltman v. Europe*, No. 18-cv-3113-WJM-STV, 2019 WL 6215445, at *8 (D. Colo. Nov.

21, 2019) (quoting *Navratil v. Parker*, 726 F. Supp. 800, 805 (D. Colo. 1989) (alteration omitted).

Defendants argue that Mr. Sergent has failed to plead a non-conclusory factual basis of willful and wanton conduct. *See* Colo. Rev. Stat. § 24-10-110(5)(a) ("In any action in which allegations are made that an act or omission of a public employee was willful and wanton, the specific factual basis of such allegations shall be stated in the complaint.").

The Court, however, need not decide the willful and wanton issue because the CGIA precludes jurisdiction on where the plaintiff failed to comply with the notification requirements of the statute. Under the CGIA, an injured person seeking damages from a public entity or employee, "whether or not by a willful and wanton act or omission," must provide written notice of the claim within 182 days after the date of the discovery of the injury, regardless of whether the person then knew all of the elements of a claim or of a cause of action for such injury. Colo. Rev. Stat. § 24–10–109(1); *Finnie v. Jefferson Cty. Sch. Dist. R-1*, 79 P.3d 1253, 1255 (Colo. 2003).

The statute sets forth the following information that must be contained in a notice:

(a) The name and address of the claimant and the name and address of his attorney, if any;

(b) A concise statement of the factual basis of the claim, including the date, time, place, and circumstances of the act, omission, or event complained of;

(c) The name and address of any public employee involved, if known;

6

(d) A concise statement of the nature and the extent of the injury claimed to

have been suffered;

(e) A statement of the amount of monetary damages that is being

requested.

Colo. Rev. Stat. § 24-10-109(2). While the requirement to file within the statutory period

is jurisdictional, "the adequacy of the notice's contents is subject to a substantial

compliance standard under section 24–10–109(2)." *City & Cty. of Denver v. Crandall*,

161 P.3d 627, 632 n.5 (Colo. 2007). "Substantial compliance requires a good faith effort

to include, as far as is reasonably possible, the listed information." *Awad v. Breeze*, 129

P.3d 1039, 1041 (Colo. App. 2005), *as modified on denial of reh'g* (June 9, 2005), *cert.

denied* (Colo. Feb. 27, 2006); *see also Cassidy v. Reider*, 851 P.2d 286, 288 (Colo.

App. 1993) ("'substantial' compliance [is] a degree of compliance 'considerably more

than minimal, but less than absolute.'" (quoting *Woodsmall v. Reg'l Transp. Dist.*, 800

P.2d 63, 68 (Colo.1990)).

Mr. Sergent's Complaint does not even mention the CGIA. "[A] claimant must

allege in his or her complaint that the claimant has complied with the jurisdictional

prerequisite of filing of a notice of claim." *Kratzer v. Colo. Intergovernmental Risk Share

Agency*, 18 P.3d 766, 769 (Colo. App. 2000). He "fails to allege either compliance with

section 24-10-109 or facts that would support an inference that [he] complied with the

notice requirement," and therefore has not met his Rule 12(b)(1) burden of establishing

this Court has jurisdiction to hear his state law claims. *Ryberg v. City & Cty. of Denver*,

No. 13-cv-02333-CMA-KLM, 2014 WL 4068642, at *11 (D. Colo. Apr. 29, 2014), *report

*and recommendation adopted in part, rejected in part sub nom.*, *Ryberg v. City & Cty. of Denver*, No. 13-cv-02333-CMA-KLM, 2014 WL 4067170 (D. Colo. Aug. 13, 2014).

Further, Mr. Sergent's 182-day period to file the notice of claim elapsed long ago. The complained of conduct first occurred in early June 2019, when Mr. Sergent learned that he would not be receiving good time credit for May or June of that year. In any event, Mr. Sergent certainly discovered the injury no later than September 5, 2019, when Judge Wenner ordered him immediately released. Therefore, Mr. Sergent's 182-day period to file a notice of claim under the CGIA expired, at the latest, on March 5, 2020 (but likely several months earlier, given that Mr. Sergent was aware that his good time credit was incorrectly calculated). Therefore, Mr. Sergent cannot cure this defect with his state law claims and they should be dismissed with prejudice. *See Carbajal v. St. Anthony Cent. Hosp.*, No. 12–cv–02257–REB–KLM, 2013 WL 4799654, at *5 (D. Colo. Sept. 6, 2013) (adopting recommendation that state law claims be "dismissed with prejudice for failure to comply with the notice requirements of the" CIGA); *Martinez v. El Paso Cnty.*, 673 F. Supp. 1030, 1032 (D.Colo.1987) ("I find and conclude that the Fourth through Eighth and Tenth and Eleventh Claims must be dismissed with prejudice as to the plaintiffs . . . for failure to give timely notice as required under § 24–10–109."). *But see Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216–17 (10th. Cir. 2006) (recognizing established rule that "where the district court dismisses for lack of jurisdiction . . . the dismissal must be without prejudice" because a court without jurisdiction lacks power "to make any determination of the merits of the underlying claim.")

Because the Court finds that the CGIA bars Mr. Sergent's state law claims under

12(b)(1), the Court need not address Defendants' statute of limitations argument under

Rule 12(b)(6).

**II.     Mr. Sergent's has failed to state a claim under 42 U.S.C. § 1983.**

In his Complaint, Mr. Sergent checked the box indicating that that he was

bringing a claim under § 1983. (Dkt. #1 at 3.) Defendants argue that, to the extent Mr.

Sergent attempts to bring a § 1983 claim against either or both of the Defendants, such

a claim would be barred by the PLRA for failure to exhaust administrative remedies.

*See* 42 U.SC. § 1997e(a). The Court disagrees and finds that Defendants have failed to

carry their burden on the exhaustion defense. Nonetheless, Mr. Sergent has failed to

state a claim under § 1983, so his Compliant should be dismissed without prejudice.

**a.  Defendants have not met their burden to demonstrate that Mr. Sergent did not exhaust his administrative remedies.**

The PLRA requires that an inmate exhaust his administrative remedies prior to

bringing a suit concerning prison conditions. *See* 42 U.S.C. § 1977e(a) ("No action shall

be brought with respect to prison conditions under section 1983 of this title, or any other

federal law, by a prisoner confined in any jail, prison, or other correctional facility until

such administrative remedies as are available are exhausted.").

"Requiring exhaustion allows prison officials an opportunity to resolve disputes

concerning the exercise of their responsibilities before being haled into court." *Jones v.

Bock*, 549 U.S. 199, 204 (2007). It also promotes efficiency because "[c]laims generally

can be resolved much more quickly and economically in proceedings before an agency

than through litigation in federal court." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006).

"[P]roper exhaustion ... means using all steps that the agency holds out, and doing so

9

properly." *Id.* at 90 (emphasis in original) (citation and internal quotation marks omitted). "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules—rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones*, 549 U.S. at 218 (citation and internal quotation marks omitted). "[A properly completed] grievance satisfies § 1997e(a)'s exhaustion requirement so long as it provides prison officials with enough information to investigate and address the inmate's complaint internally." *Kikumura v. Osagie*, 461 F.3d 1269, 1285 (10th Cir. 2006), *overruled on other grounds as recognized in Robbins v. Okla.*, 519 F.3d 1242, 1246 (10th Cir. 2008).

"There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones*, 549 U.S. at 211. The failure to exhaust is an affirmative defense. *Id.* at 216. Thus, Defendants bear the burden of demonstrating that Mr. Sergent did not utilize administrative remedies. *Id*. If they prove that Mr. Sergent failed to exhaust, the burden shifts to Mr. Sergent to show that remedies were unavailable. *Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011). That is because a prisoner need only exhaust "available" administrative remedies, i.e., "grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'" *Ross v. Blake*, 136 S. Ct. 1850, 1859 (2016) (quoting *Booth v. Churner*, 532 U.S. 731, 738 (2001)). There are three circumstances under which remedies are "unavailable": (1) "when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) when "some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it"; and (3) "when prison administrators

10

thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1859–60.

"'[A] district court cannot dismiss the complaint without first giving the inmate an opportunity to address the issue' unless the complaint conclusively shows a failure to exhaust." *Markovich v. Correct Care Solutions*, 406 F. App'x 264, 265 (10th Cir. 2010) (quoting *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007)). Exhaustion of administrative remedies under the PLRA is a question of law for the Court to decide. *Drippe v. Tobelinski*, 604 F.3d 778, 781 (3d Cir. 2010).

Here, Defendants do not spell out the grievance procedure at Fremont County Jail or what Mr. Sergent did or did not do to complete the grievance process. They only assert, in a footnote, that Mr. Sergent has failed to either attach the applicable administrative dispositions to the Complaint or describe with specificity the administrative proceeding and its outcome. (Dkt. #21 at 6 n. 2 (citing *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1237 (10th Cir. 2005).) In his response to the Motion to Dismiss, Mr. Sergent attached what appears to be grievances filed in early 2021. (Dkt. #38 at 11–14.) Defendants' reply does not further address administrative exhaustion under the PLRA. (*See* Dkt. #40.)

Defendants' reliance on *Simmat* is misplaced. *Jones* specifically clarified that "failure to exhaust is an affirmative defense under the PLRA, and . . . *inmates are not required to specially plead or demonstrate exhaustion in their complaints*." *Jones*, 549 U.S. at 271 (emphasis added); *see also Aquilar-Avellaveda*, 478 F.3d at 1223. Though Mr. Sergent's allegations concerning the grievance procedure are admittedly sparse, he has no burden at this stage to demonstrate exhaustion. Defendants' argument

11

concerning failure to exhaust is perhaps just as sparse. In fact, given that they did not further address exhaustion after Mr. Sergent attached evidence of grievances, it appears they may have decided to abandon this argument. Defendants have thus failed to meet their burden to show that Mr. Sergent did not exhaust his administrative remedies and any § 1983 claim does not fail this reason. Mr. Sergent did, however, fail to plausibly allege a § 1983 claim, so this claim should be dismissed.

### b. Mr. Sergent has failed to state a claim for violation of § 1983.

To state a viable § 1983 claim, Mr. Sergent must plausibly allege that a person acting "under color of law" deprived him of his "rights, privileges, or immunities secured by the Constitution" or other federal law. *See* 42 U.S.C. § 1983. Simply checking the box indicating that he that the legal basis for his suit is § 1983 is insufficient. Nowhere does Mr. Sergent allege what constitutional right he believes was violated. Indeed, the Statement of Claims section only sets out claims for IIED and false imprisonment, which are state law claims.

Though the Court must read Mr. Sergent's Complaint liberally, it may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues." *Drake*, 927 F.2d at 1156. In its current form, Mr. Sergent's Complaint fails to state a claim under § 1983. Thus, the Court recommends that any such § 1983 claim(s) be dismissed without prejudice. If Mr. Sergent believes he can plausibly state a § 1983 claim, it may be appropriate for him to seek leave to amend his complaint, specifically identifying the constitutional right violated.

### RECOMMENDATION

In light of the foregoing, it is hereby **RECOMMENDED** that Defendants' Motion to Dismiss (Dkt. #21) be **GRANTED** as follows:

- Mr. Sergent's state law claims should be **DISMISSED WITH PREJUDICE**;

- To the extent Mr. Sergent asserts a claim for violation of 42 U.S.C. § 1983, such claim should be **DISMISSED WITHOUT PREJUDICE**.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, *Thomas v. Arn*, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date:  December 15, 2021
      Denver, Colorado

                                        _____
                                        N. Reid Neureiter
                                        United States Magistrate Judge